IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WASHINGTON, D-14198,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>STU SHERMAN, Acting Warden,<br><br>　　　　Respondent. | No. C 13-3438 CRB (PR)<br><br>ORDER REQUESTING MOTION TO DISMISS OR NOTICE THAT MOTION IS UNWARRANTED |

I.

On October 3, 1994, petitioner was convicted by a jury in Santa Clara County Superior Court of two counts of first degree burglary. The jury also found that petitioner had nine prior "strike" convictions and, on March 3, 1995, the court sentenced him to a prison term of 60 years to life.

On October 29, 1996, the California Court of Appeal reversed one of the burglary counts, affirmed the other and remanded the matter for resentencing. On February 19, 1997, the Supreme Court of California denied review.

On April 25, 1997, petitioner was resentenced to another indeterminate life sentence and, on November 19, 1997, the California Court of Appeal affirmed the judgment of the trial court. Petitioner did not seek further direct review.

Years later, petitioner began seeking habeas corpus relief from the state courts. On June 12, 2013, the Supreme Court of California denied petitioner's final state petition for a writ of habeas corpus.

On July 25, 2013, petitioner filed the instant federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 on the ground that he was denied effective assistance of counsel. He also claims to be "actually innocent."

## II.

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243. It also may order respondent to file another pleading where neither summary dismissal nor service is appropriate. See Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became law on April 24, 1996 and imposed for the first time a statute of limitation on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-

conviction or other collateral review is pending is excluded from the one-year time limit.  Id. § 2244(d)(2).

A state prisoner with a conviction finalized after April 24, 1996, such as petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end.  See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).  The instant petition appears untimely because it was not filed until July 25, 2013, more than a year after petitioner's process of direct review came to an end.  And although petitioner sought state collateral relief which may toll the one-year time limit under § 2244(d)(2), it appears that he did not begin doing so until after the limitation period presumably expired in 1998.  This apparent untimeliness problem should be addressed before the court reaches the merits of all the claims raised in the petition.  If the petition is time-barred, the litigants and court need not expend resources addressing all the claims in the petition.

Accordingly, pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, respondent shall either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the court that respondent is of  the opinion that a motion to dismiss is unwarranted in this case.  If respondent moves to dismiss the petitioner as untimely, he shall address petitioner's claim of actual innocence in the motion.  See McQuiggin v. Perkins, 133 S. Ct. 1924, 1931-32 (2013) (holding that actual innocence showing applies to claims filed after AEDPA statute of limitations has run, as well as to successive, abusive and procedurally defaulted claims); Lee v. Lampert, 653 F.3d 929, 931 (9th Cir. 2011) (en banc) (same).

III.

Good cause appearing therefor,

1. The clerk shall serve by certified mail a copy of this order and the operative petition (docket #8) and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve upon petitioner, within 60 days of the issuance of this order, a motion to dismiss the petition as untimely or a notice that respondent is of the opinion that a motion to dismiss is unwarranted.

3. If petitioner wishes to oppose the motion to dismiss, he shall do so by filing an opposition with the court and serving it upon respondent within 28 days of his receipt of the motion to dismiss.

4. Respondent may file and serve a reply within 14 days of receipt of petitioner's opposition.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court finds that an evidentiary hearing is required.

6. If respondent notifies the court that a motion to dismiss is unwarranted or the motion is denied, the court will then determine whether to require an answer to the petition.

SO ORDERED.

DATED: Feb. 24, 2014

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.13\Washington, K.13-3438.request mtd.wpd